# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 7, 2011 Session

## STATE OF TENNESSEE v. NOURA JACKSON

**Appeal from the Criminal Court for Shelby County**
**No. 05-06767    Chris Craft, Judge**

---

**No. W2009-01709-CCA-R3-CD  - Filed December 10, 2012**

---

JEFFREY S. BIVINS, J., concurring.

I concur in the results reached in the lead opinion by Judge Glenn. Indeed, I join in the lead opinion on all but one issue. I write separately to address the issue of prosecutorial misconduct during closing argument. As the lead opinion points out, the opening sentence of the State's rebuttal argument was as follows: "Just tell us where you were. That's all we're asking, Noura." The defense contends that the remark constitutes an improper comment on the defendant's choice not to testify at trial. The State claims that the remark was merely a reference to the testimony during trial given by Cindy Eidson, the defendant's aunt.

During its analysis of the issue, the lead opinion concludes that "[t]he upshot of all this is that we cannot conclude that the prosecutor's argument, though certainly dramatic, was improper." I cannot agree. I am compelled to conclude that the statement, indeed, did constitute an improper comment on the defendant's choice not to testify at trial.

Although I do conclude that the remark was improper, to be entitled to a new trial, the improper remark must have affected the verdict of the jury. State v. Middlebrooks, 995 S.W.2d 550, 559 (Tenn. 1999). In making this determination, we must consider: 1) the conduct involved in light of the facts and circumstances of this particular case; 2) the curative measures, if any, undertaken by the court and the prosecution; 3) the intent of the prosecutor in making the improper remark; 4) the cumulative effect of the improper remark and any other errors in the record; and 5) the relative strength or weakness of the case as a whole. Id. at 560. See also Judge v. State, 539 S.W. 2d 340, 344 (Tenn. Crim. App. 1976).

In this case, the State claims that the remark simply recalled testimony by the defendant's aunt at the trial. A review of the aunt's testimony does reveal that she did ask the defendant about her whereabouts on the evening when the victim was killed. However,

a close review of the aunt's testimony demonstrates that the State did not quote the testimony. Indeed, the statement by the State materially differed from the aunt's testimony. Moreover, as the lead opinion points out, the remark by the State included the term "us" which clearly could lead a juror to conclude that the remark was a comment on the fact that the defendant had not answered that question in testimony at the trial. In fact, this likely would be the most logical conclusion of a layperson to such a statement. Finally, although the location from where the remark was made and in which direction the prosecutor was looking when the remark was made is impossible to tell from the transcript,[1] at oral argument the State essentially conceded that the prosecutor moved toward the defendant to some extent and was looking directly at the defendant when the remark was made. Thus, in sum, this factor is, at the very least, problematic.

The next factor to consider is any curative measures taken by the court and/or the prosecution. In this case, fortunately for the State, the trial court immediately and meticulously gave a very detailed and thorough curative and limiting instruction to the jury. The trial court even polled the jurors to make sure that each of them understood that he or she could not hold it against the defendant that she did not testify at trial based upon the comment by the State. To the State's credit, the State did make efforts to tie the improper comment back to the aunt's testimony when the argument resumed after the trial court's instructions. Primarily based upon the trial court's excellent work, this factor countenances rather strongly against a finding that the improper remark affected the jury's verdict.

We now turn to the intent of the prosecutor in making the improper remark. The fact that the prosecutor did not preface the comment with a reference to the aunt's testimony, particularly in light of the fact that the prosecutor chose not to quote the testimony of the aunt, is troubling. Moreover, the use of the present tense first person plural much more likely leaves the impression that it is a question from those present in the courtroom. To compound matters further, we contrast this approach with the State's exact quotation in the start of the opening statement when the State quoted verbatim the defendant's profane demand to her mother for money before her mother's death.

With regard to the cumulative effect of this improper remark and any additional errors, one immediately must note the manner in which the trial court conducted this long and complicated trial. Despite a myriad of difficult evidentiary and other issues, the record before this court is of a relatively flawless trial. Based upon the lead opinion's conclusions, all of which I join with the exception of this issue, the only other error for consideration here is the failure of the State to timely produce the third statement of Andrew Hammack. Again, as the lead opinion points out, although the statement should have been produced earlier, the

---

[1] As Judge Glenn points out in the lead opinion, the record on appeal contains a DVD provided by the defendant that the defendant represents would show the opening portion of the rebuttal argument. As noted, we cannot and have not considered the DVD in this case.

defendant suffered little, if any, prejudice as a result.  Therefore, there is very little to consider on this factor.

The final factor for consideration is the relative strength or weakness of the case as a whole.  This case clearly is primarily a circumstantial case.  The overall proof, however, although not overwhelming, is relatively strong.

Having considered all of the requisite factors, the final step is to review the totality of the findings and the weight to be given to each factor to determine whether the improper statement actually affected the verdict of the jury.  Although this case presents a relatively close question, I conclude that the full analysis of these factors demonstrates that the improper statement did not affect the verdict of the jury.  Accordingly, I, too, affirm the judgment of the trial court in this action.

Judge Woodall has authorized me to state that he joins in this opinion.


_____
JEFFREY S. BIVINS, JUDGE